BETTY MAE LYONS, PLAINTIFF v. DR. SARAH T. MORROW, SECRETARY, NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, AND ROBERT H. WARD, DIRECTOR, DIVISION OF SOCIAL SERVICES, NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES AND W.W. MULLENS, DIRECTOR, GRANVILLE COUNTY DEPARTMENT OF SOCIAL SERVICES, DEFENDANTS

No. 809SC922

(Filed 5 May 1981)

**Social Security and Public Welfare § 1– AFDC benefits – reduction for food stamps purchased by stepfather**

The Director of the State Division of Social Services erred in finding that AFDC benefits paid to plaintiff were properly reduced by $87 a month because of food contributions by the stepfather of plaintiff's children on the basis of a letter from the stepfather stating that he did not contribute to the

support of the children but thereafter indicating that he contributed "food," since the letter was so contradictory and incomplete that it was impossible to determine therefrom whether the stepfather's food contribution was regular and, if so, what portion of the children's food needs the contribution covered. Where the evidence showed that the stepfather was regularly buying all the food stamps for the children at the time plaintiff applied for the AFDC grant, the proportional amount paid for those stamps, but not their actual value, should have been considered as a contribution and included in the children's monthly budget.

APPEAL by plaintiff from *DeRamus, Judge.* Judgment entered 26 February 1980 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 6 April 1981.

During the first quarter of 1977, plaintiff was living with her three children [hereinafter the Hunter children], her husband and their child. Plaintiff's entire family was receiving food stamps, based on the income of the entire family unit.

In February 1977, plaintiff applied at the Granville County Department of Social Services [DSS] for Aid to Families with Dependent Children [AFDC] to help her support the Hunter children. Plaintiff had applied for AFDC assistance on at least one other occasion, but had been denied assistance because her husband, David Lyons, had said in response to DSS's inquiry that he could support the Hunter children. On 22 February, a DSS employee filled out a new application form for plaintiff, and under the section entitled "Income" indicated that plaintiff was receiving no support payments or contributions.

DSS sent Mr. Lyons a letter asking him to indicate whether he was making a contribution to the Hunter children (his stepchildren). In response to the question, "Do you contribute to the support of [the Hunter children]?," Lyons replied "No." The form letter further asked, "If you do contribute, please check or list below exactly what you do contribute, such as food and clothing, etc." Lyons indicated that he did contribute food, but did not answer the additional question "If you contribute food, how much?" Lyons dated his response 23 February 1977. When the response arrived at the DSS office, an employee indicated on plaintiff's application that Lyons' letter vertified a contribution of food, and, using the table set forth in § 2350 (III) (E) (2) of North Carolina's AFDC Regulations, calculated the contribution's value at $87. No investigation was made to determine the extent of Lyons' contribution, although if one had been made, it

would have been determined that he was buying all of the food stamps for the family. Plaintiff was declared eligible for AFDC benefits, but her monthly grant was reduced by $87.

DSS commenced the normal review of the Hunter children's AFDC aid in August 1977. Lyons supplied the same information he had supplied in February; but, in addition, stated that his "food contribution" consisted of buying half the food stamps for the entire family. The monthly AFDC grant was then reduced for the next six-month period by the average monthly cost of that contribution ($50).

On 6 April 1978, plaintiff requested an administrative review of DSS's denial of her request for a restoration of benefits allegedly lost from March 1977 to March 1978 ($87 per month from March 1977 through September 1977; $50 per month from October 1977 to March 1978). A "Fair Hearing" was conducted, and on 26 September 1978 the director of the Division of Social Services of the State Department of Human Resources held that,

> Since your husband's signed statements to the Granville County Department of Social Services prior to August 1, 1977 indicated a food contribution, the Granville County Department of Social Services was correct in its inclusion of your husband's contribution of food until August 1, 1977.

The Director continued, holding that DSS erred when it considered Mr. Lyons' contribution of food stamps after 1 August 1977, and held that "no income should have been considered" for that period. Retroactive benefits were granted for the period from August 1977 through March 1978.

Plaintiff appealed the denial of benefits for March 1977 through July 1977. Both parties filed motions for summary judgment. From the trial court's grant of summary judgment in favor of defendants, plaintiff appeals.

*North Carolina Legal Assistance Program, by Michael B. Sosna, for plaintiff-appellant.*

*Attorney General Edmisten, by Assistant Attorney General Steven Shaber, for defendant-appellees Morrow and Ward.*

*Watkins, Finch & Hopper, by Thomas L. Currin, for defendant-appellee Mullens.*

HILL, Judge.

Despite counsel's effort to make it otherwise, this is a simple case. Summary judgment in defendants' favor is based on Judge DeRamus's conclusion that the decision of the Director of the Division of Social Services denying retroactive AFDC benefits to plaintiff for the period of March 1977 through July 1977 was proper and lawful. That is the only issue brought forth in the complaint and the only issue we must decide, even though counsel has stipulated that the "sole question to be determined is ...: were defendants correct in determining that the purchase of one-half of the household's food stamp allotment by the stepfather was a contribution to the stepchildren which should be deducted in calculating their AFDC grant. ..." The Director of the State Division of Social Services has answered that issue in the negative. Defendants have not appealed the Director's decision, and we assume that plaintiff has received retroactive benefits for the period beginning 1 August 1977.

We find that the Director's decision denying retroactive AFDC benefits to plaintiff for the period of March 1977 through July 1977 was improper. The DSS did not follow the procedure mandated in the AFDC regulations.

§ 2350(I) of the North Carolina AFDC Manual provides that unearned income such as contributions must be considered in determining the eligibility of a budget unit (the Hunter children) for AFDC assistance and the amount of payment once eligibility is established. § 2350(III) (E) (2) provides that contributions made in cash or kind on a *regular* basis are to be included in the unit's budget; i.e., subtracted from the amount of assistance granted. If a member of the budget unit receives regular contributions in the form of food, the manual requires that DSS "determine what portion of the budget unit's ... needs the contribution covers." § 2350(III) (E) (2) (a). While DSS certainly had the right to rely on Lyons' letter of 23 February 1977, under the circumstances the letter was so contradictory and incomplete that it was impossible for DSS to meet its responsibility of determining whether Lyons' food contribution was regular and, if so, what portion of the Hunter children's food needs the contribution covered.

This case must be remanded for a determination of how much of a retroactive corrective payment must be made to

plaintiff. § 2630, N.C. AFDC Manual. Evidence already of record shows that Lyons was regularly buying all of the food stamps for the Hunter children at the time plaintiff applied for the AFDC grant. The proportional *amount paid* for those stamps, *but not their actual value,* must be considered a contribution which should have been included in the Hunter children's monthly budget. The difference between that amount and the $87 per month actually included in the budget should be retroactively paid to the budget unit. See 7 U.S.C. § 2016(c) as it existed in March 1977. Also see 7 U.S.C. § 2019(d) as it existed in 1977, and *Dupler v. City of Portland,* 421 F. Supp. 1314, 1318 (D. Maine 1976), both of which state only that the "value" or "benefit" of food stamps cannot be taken into account to reduce welfare benefits.

Summary judgment in defendants' favor is vacated. The case is remanded to the trial court with the direction that it remand the case to the Director of the Division of Social Services of the Department of Human Resources for action consistent with this opinion.

Vacated and Remanded.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.